UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN, :
:
    Plaintiff, : CIVIL NO. 1:CV-05-1977
:
v. : (Judge Caputo)
:
SCI-CRESSON, *et al.*, :
:
    Defendants. :

## **MEMORANDUM**

Presently before the Court are two Motions for Reconsideration filed by Plaintiff Ronald Pruden (Doc. 17 and Doc. 24). For the reasons stated below, Plaintiff's Motions will be denied.

## **BACKGROUND**

On September 30, 2005, Plaintiff, an inmate currently incarcerated at the State Correctional Institution in Graterford ("SCI-Graterford"), Pennsylvania, commenced a civil rights action pursuant to the provisions of 28 U.S.C. §1983. At the time of filing his complaint, Plaintiff was confined at the Smithfield Correctional Institution in Huntington ("SCI-Huntingdon"), Pennsylvania. Named as Defendants were the State Correctional Institution in Cresson ("SCI-Cresson"), Pennsylvania; the State Correctional Institution in Camp Hill ("SCI-Camp Hill"), Pennsylvania; SCI-Graterford; and SCI-Huntingdon.

By Order dated October 21, 2005 (Doc. 8), this Court dismissed Plaintiff's complaint, without prejudice, as legally frivolous, and as seeking monetary damages from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

Plaintiff subsequently filed a Motion to Appoint Counsel and to Consolidate Cases (Doc. 11). By Order dated May 21, 2007 (Doc. 14), this Court dismissed Plaintiff's Motion as moot because the case was closed. Plaintiff seeks reconsideration of this Order (Doc. 17).

On June 18, 2007, Plaintiff filed a new Motion to Appoint Counsel and to Consolidate Cases (Doc. 15). By Order dated June 25, 2007 (Doc. 16), this Court dismissed Plaintiff's Motion as moot because the case was closed. While Plaintiff does not specify which Order he asks the Court to reconsider in his second motion (Doc. 24), it appears that he seeks reconsideration of this Court's June 25, 2007 Order (Doc. 16).

## DISCUSSION

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Plaintiff does not allege in either of his motions for reconsideration that there was an error of law or fact that needs to be corrected or that he has newly discovered evidence to present to the Court. Thus, this Court finds that Plaintiff has failed to provide the evidence required for a successful motion for reconsideration.

**ACCORDINGLY, THIS   9th   DAY OF OCTOBER, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's motions for reconsideration (Doc. 17 and Doc. 24) are **DENIED**.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge